# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **JUAN BETANCUR, ZENILTON COSTA,** ) | |
| **MARCOS ROLDAO,** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 10cv11131-NG** |
| ) | |
| **DAVID ROARK, Director of USCIS Texas Service** ) | |
| **Center, ALEJANDRO MAYORKAS, Director of** ) | |
| **USCIS, JANET NAPOLITANO, Secretary of** ) | |
| **Homeland Security, ERIC HOLDER, Attorney** ) | |
| **General,** ) | |
| **Defendants.** ) | |

**GERTNER, D.J.:**

## <u>ORDER RE: MOTION TO DISMISS</u>
August 19, 2011

The Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

(**document #6**) is **DENIED** for the reasons stated below.

The United States Citizenship and Immigration Services ("USCIS") suspected immigration

attorney John Dvorak ("Dvorak") of fraud.  Instead of disciplining the attorney or filing charges

against him, USCIS sua sponte issued notices of intent to  revoke ("NOIRs") for hundreds of

Dvorak's clients' immigration petitions.  The NOIRs stated only that *some* of the petitions that

Dvorak had prepared included fraudulent information -- not that the listed client's petition was

found to be fraudulent.  On July 6, 2010, ten individuals affected by the NOIRs brought this

consolidated action to challenge the revocation of the Petitions for Alien Worker ("I-140

petitions") that their employers had submitted on their behalf.  Am. Compl. (document #3).

The plaintiffs' I-140 petitions had been approved between February 2002 and November 2003. Am. Compl. ¶35.[1] They then filed Petitions for Adjustment of Status ("I-485 petitions") to become permanent residents, and they were permitted to "port" to a new employer once their I-485 petition had been pending for 180 days. See 8 U.S.C. § 1154(j). In fact, all of the plaintiffs' I-485 applications had been pending for more than five years. Many had long since moved on to new employment when they suddenly received NOIRs in 2008 and 2009. Am. Compl. ¶36, 39, 56. The NOIRs threatened the revocation of their I-140 petitions. Although each plaintiff attempted to respond to the NOIR, their petitions were ultimately revoked in 2009. Id. ¶59. The petitioning employer may appeal a revocation of an I-140 petition to the Administrative Appeals Office ("AAO"), 8 C.F.R. § 103.3(a)(1)(iii)(B), and here three of the plaintiffs' petitioning employers appealed.

After this suit was filed, USCIS -- wholly without explanation -- reinstated I-140s for seven of the ten plaintiffs, and those plaintiffs withdrew from this action on February 25, 2011. See Notice of Voluntary Dismissal (document #9). Then USCIS *reissued* NOIRs to two of the former plaintiffs on April 4, 2011. See Chart of Former Plaintiffs' Status, Def. Status Report Ex. 1 (document #14-1).[2] Ironically, the three remaining plaintiffs are those plaintiffs whose prior employers actually appealed the revocations to the AAO: Juan Betancur ("Betancur"), Zenilton Costa ("Costa"), and Marcos Roldao ("Roldao"). Betancur and Costa's appeals were dismissed. See Pl. Ex. 8 (document #11-7); Def. Status Update Ex. B (document #14-2). Roldao withdrew his

---

[1] The process of gaining legal status with an employee visa has three steps: (1) the employer applies for labor certifications from the Department of Labor ("DOL"); (2) the petitioning employer applies with USCIS for employment-based immigrant visa classifications; and (3) the beneficiary employee applies for adjustment of status to obtain legal permanent residence. In the first two steps of the process, the employer is the petitioner and the employee is the "beneficiary." In the final step, the employee himself is the petitioner.

[2] These former plaintiffs have not moved to rejoin the suit.

appeal, and USCIS subsequently reinstated his I-140.[3]  See Def. Status Report Ex. C (document #14-3).

Betancur, Costa, and Roldao seek judicial review of the revocations of their I-140 petitions under the Administrative Procedures Act, 5 U.S.C. § 702, ("APA"), the Declaratory Judgment Act, 28 U.S.C. § 2201, and Mandamus, 28 U.S.C. §1361.  The government moves to dismiss for lack of jurisdiction on two grounds: (1) the court lacks jurisdiction over a visa revocation, which it argues is solely within the discretion of the Secretary of Homeland Security; and (2) the plaintiffs lack standing because they are the beneficiaries of employment-based visa petitions and not the petitioners.  I will address each very briefly.

**A.        Jurisdiction to Review Visa Revocations**

The APA allows a federal court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a).  The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1252(a)(2)(B)(ii), however, prohibits review of "any . . . decision or action of the Attorney General the authority for which is specified . . . to be in the discretion of the Attorney General."  Still, there remains a "strong presumption in favor of judicial review of administrative action" that requires construing 8 U.S.C. § 1252(a)(2)(B)(ii) narrowly.  INS v. St. Cyr, 533 U.S. 289, 298 (2001), superceded by statute on other grounds, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302, as recognized in Enwonwu v. Chertoff, 376 F. Supp. 2d 42, 82 (D. Mass. 2005).  And indeed, construing the provision narrowly, courts have concluded that "acts immunized from review by § 1252 are matters of pure discretion, rather than discretion guided by legal standards."  ANA Int'l Inc. v. Way, 393 F.3d 886, 891-92 (9th Cir. 2004) (internal quotation marks and citations omitted).

_____

[3] Roldao has not withdrawn from the suit even though his I-140 petition has been reinstated.

The First Circuit has yet to determine whether revocations of I-140 petitions fall within § 1252 so as to bar judicial review. Revocations are governed by 8 U.S.C. § 1155, which provides in relevant part: "The Secretary of Homeland Security may, at any time, for what [she] deems to be good and sufficient cause, revoke the approval of any petition [for an immigrant visa]." To be sure, the language suggests discretion. But it also provides a legal standard ("good and sufficient cause") that may be -- and has been -- interpreted by courts. See ANA Int'l Inc., 393 F.3d at 893-94 (concluding that the Secretary's decision to revoke an immigration petition under 8 U.S.C. § 1155 is not a matter of *pure* discretion and is therefore subject to judicial review). See also M.D. Management Co. v. Dep't of Homeland Security, No. 04-10499-RWZ, 2005 WL 91307, *1-2 (D. Mass. Jan. 18, 2005) (adopting the ANA Int'l rule to conclude that a district court has jurisdiction over revocations of H-1 B visa petitions under 8 U.S.C. § 1184(a)). Construing 8 U.S.C. § 1252(a)(2)(B)(ii) narrowly, as I am obliged, I conclude that this court has jurisdiction to determine whether the revocation of these plaintiffs' petitions was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(a).

**B.    Standing**

The government argues further, however, that the plaintiffs lack standing to challenge the revocation of their I-140 petitions because they are the *beneficiaries* of the petition; only the petitioners, or their original employers, may challenge the revocation. See George v. Napolitano, 693 F. Supp. 2d 125, 130 (D.C. Cir. 2010) ("An employer 'is the party that petitioned for the visa, so it, and not [p]laintiff is considered the proper party having a personal stake in the outcome sufficient to warrant . . . invocation of federal court jurisdiction." (quoting Ibraimi v. Chertoff, No. 07-3644, 2008 WL 3821678, *3 (D.N.J. Aug. 12, 2008)). The facts of this case, however, illustrate the futility of this position. Although the original employer may have filed the I-140 petition, the plaintiffs themselves have subsequently filed I-485 petitions for adjustment of status.

And Congress has allowed them to port to a new positions while their I-485 petitions have been pending -- in fact now pending for more than five years. Of course, a petitioning employer has no "personal stake" or interest in appealing a revocation of the I-140 petition for an employee who has long since left their employment. That employer has suffered no real injury to redress.

Indeed, it is clearly the employee and not the petitioning employer in this case who has suffered an injury. The only court in this jurisdiction to address the question found that the employee-beneficiary has standing to bring suit in federal court even if he has no standing to appeal through the administrative process. See Ore v. Clinton, 675 F. Supp. 2d 217, 223 (D. Mass. 2009) ("Whether a litigant has standing to sue in federal court, however, is not dependent on any agency regulation. Instead, the Supreme Court has established a three-factor test for standing, requiring (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a substantial likelihood that the requested relief will remedy the injury in fact. McConnell v. Fed. Election Comm'n, 540 U.S. 93, 225, 124 S.Ct. 619, 157 L.Ed.2d 491 (2003). As the person who stands to benefit from being permitted to enter to the United States to work, [the plaintiff] clearly has suffered an injury caused by USCIS's action, which this Court has the power to set aside pursuant to the APA. Accordingly, [the plaintiff] has standing before this Court."). I agree. Moreover, the fact that a beneficiary does not have standing in the administrative process to appeal a denial or revocation of an employment-based visa petition is all the more reason that he should have standing here.

Because this Court has jurisdiction to review revocations of I-140 petitions under the APA, and because the plaintiffs have standing to bring their suit in federal court, the Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction **(document # 6) is DENIED.**
**SO ORDERED.**

**Date: August 19, 2011**          /s/ Nancy Gertner
                                   **NANCY GERTNER, U.S.D.J.**